UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 19-20522 |
| Plaintiff, | Hon. Stephen J. Murphy, III |
| v. | |
| D-1  Earl Roberts, | Offense:<br>Counts One, Two and Three<br>29 U.S.C. § 501(c) |
| Defendant. | Embezzlement of Union Assets |
| _____/ | **Maximum Penalty:**<br>5 years (Counts 1, 2, and 3) |
| | **Maximum Fine:**<br>Not to exceed $10,000 |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Earl Roberts and the government agree as follows:

1. **Guilty Plea**

   A. **Counts of Conviction**

   Defendant will enter a plea of guilty to Counts One, Two and Three of the Information, which charges him with embezzlement of union assets, in violation of 29 U.S.C. § 501(c).

   B. **Elements of Offense**

   The elements of Counts One, Two and Three are as follows:

      1. Defendant was an officer of a labor organization;

      2. The labor organization was engaged in an industry affecting interstate commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401 *et seq.*;

      3. Defendant embezzled or stole or abstracted or converted to his own use or to the use of a third party the moneys or funds of such labor organization; and

      4. Defendant acted unlawfully and willfully with fraudulent intent.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial Service Workers International Union (USW) was a labor organization subject to the Labor Management Reporting and Disclosure Act of 1959. Local 4 of the USW was subordinate to the USW and located in Yale, Michigan (Local 4) within the Eastern District of Michigan. Local 4 was established through a collective bargaining agreement with Flint Hills Resources, which manufactured petrochemicals and engaged in interstate commerce while operating in the state of Michigan.

Roberts was the President of Local 4 from 2012 through May of 2015. As President, defendant had access to the funds belonging to Local 4 including Local 4 checkbooks. Defendant embezzled from Local 4 funds by making and negotiating unauthorized checks, cash withdrawals and money orders/cashier's checks that he knew he was not entitled to these specific funds. Roberts wrote seventy (70) unauthorized checks to himself, his girlfriend Amanda Wilson, and to retail establishments such as J&D gas station and convenience store, to purchase goods for his own use or the use of others. Roberts made thirty-six (36) unauthorized cash withdrawals and wrote and negotiated four (4) unauthorized cashier's checks and money orders. Roberts knew he was not entitled to most of the funds. In order to conceal the theft, Roberts made numerous false entries in union records particularly in the memo portion of the checks and on cash withdrawal slips. Roberts then filed false Labor Organization Annual Reports (Form LM-3) on behalf of Local 4 for the years 2012, 2013 and 2014 with the Department of Labor in order to continue to conceal the theft.

Had Roberts properly sought and received authorization, he might have been entitled to compensation for lost time and some mileage reimbursement for meetings he attended in his capacity as Local 4 President. The parties agree that these funds total $7,781. Taking this into account, the parties agree that the fraud loss in this matter is $45,916 and accounts for the addition of 6 points to Robert's

sentencing guidelines pursuant to United States Sentencing Guidelines 2B1.1(b)(1)(D).

2. **Sentencing Guidelines**

    A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 6 - 12 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6 - 12 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and

that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B. **Fine**

There is no agreement as to fines.

C. **Restitution**

The parties have agreed that restitution in the amount of $45,916 is owed to Local 4.

4. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

5. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the agreed range, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least the bottom of the agreed range, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

6. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

7. **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences.

Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

8. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 10/29/2021. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

_____
Matthew Roth
Assistant United States Attorney
Chief, Major Crimes

_____
Leslie Wizner
Assistant United States Attorney

Date:

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

James R. Gerometta
Attorney for Defendant

9-16-21
Date

Earl Roberts
Defendant

9-16-21
Date